Judge Owsley
delivered the Opinion of the Court.
This writ of error is prosecuted to a judgment recovered by Durrett, in an action of assumpsit, for goods, wares, and merchandize, brought by him against Stewart and M’Murtry.
Two pleas were filed by Stewart in the court below.
1st. The general issue.
2ndly. He pleaded, that the said' goods, wares and merchandize, as stated in the declaration, were sold and delivered by Durrett as articles charged in a store account, and that he, the said Stewart, did not undertake and promise in manner and form as by Durrett in his declaration is alleged withis *114 twelve months next after the delivery- of the goods, wares and merchandize, &c.
Replication to the special pica.
Instructions moved and overruled.
The lime in tho slal’ite of limiiations is computed from the accrual of the action to the comrnencetnent of suit, not from the contract or receipt of the consideration to the trial.
To the second plea, Durrett replied, that the said goods, wares and merchandize, were sold and delivered by him,' to the defendants, in the course of the trade of merchandize between him am! the defendants as merchants, and not otherwise, &c.
The allegations of the replication were traversed by Stewart, and isshc joined thereon.
In tho progress of the trial which was had upon both issues, and after tho evidence was gone through, Stewart moved the court to instruct the jury:
“That if they believed from the evidence that there had been twelve months since the creation of the account or assumpsit to pay, the law was for the defendant;” but the motion w as overruled by the court, and all the evidence made part of the record by bill of exceptions;
It is perfectly clear that in overruling the motion for instructions, no error was committed by the court. It. is presumed that the motion was predicated upon the idea that, tinder the state of pleadings, Stewart was at liberty to avail himself of that provision of the statute of limitations, which requires actions or suits (bunded upon an account for goods, wares and merchandize, sold and delivered, or for any article charged in any store account, to be commenced ami sued within twelve months next after the cause of such action or suit. But by adverting to the instruction as asked, it will at the first glance be percehed, that under no state of legal pleadings ought the instructions to have been given. According to the plain import of the statute, the limitation of 'twelve months must have e,lapsed, before the commencement of the action or suit founded upon account for goods &r. and, by the motion of Stew'art, the court was asked to instruct the jury, that the law was for him, if they should believe from the evidence/that twelve months bad elapsed since the creation of the account or assumpsit, thereby including in the computation of lime, all the time which liad elapsed up to the trial of the cause.
Waving however, all exceptions to the phraseology of tho motion for instructions, still wo have no *115 hesitation in saying, that under the pleadings in the cause, Stewart has no cause to complain of the decision of. the court overruling his motion.
Statute of Limitations must be specially pleaded.
Issue on a ' plea that“the goods were sold and delivered by plaintiff as articles charged in store account, and defendant did not promise to pay within twelve months .next after their delivery,” is wholly immaterial.
The party-committing-the first fault in making up an immaterial issue can complain of no error of the court' in refusing to give instructions touching such issue.
Illness of defendant which prevented his prorating the attendance of material wit-, nesses or his being present himself to move for a continuance, is a sufficient ground for a 3ew trial;
*115 Under his plea of the general issue no question could regularly be made upon the iapse of time. The limitation prescribed in the statute must, according to well settled principles, be specially pleaded, ami cannot be employed in defence under the general issue.
And with respect to the second plea of Stewart, it is so radically defective, that the issue made up by the parties thereupon, must be considered totally immaterial and'irrelevant to the merits of the contest. If the cause of action occurred within twelve months next before the commencement of the action, it is totally immaterial when the promise to pay for the goods was made by Stewart. Upon the receipt of the goods, Stewart became morally bound to pay, and that moral obligation forms in itself a sufficient consideration to uphold a subsequent promise to pay, although the promise may not have been in fact spade within twelve months from the delivery' of the goods. By denying that the promise alleged in the declaration was made within twelve montjis next afte'r the delivery of the goods., the plea cannot therefore be admitted sufficient to impeach the consideration of the promise; nor can the allegations of the plea, upon any principle of interpretation, he construed to bring the c$se within the operation of the statute of limitations.
In no point of view, therefore, can the plea be understood to contain any valid defence to the action, and of course the issue thereupon made up by the parties, must be deemed impertinent and immaterial.
Thus understood, it cannot be important whether or not in relation to that issue the decision of the court upon the motion of Stewart be correct. The first fault in pleading was committed by him, and according to repeated decisions, he .has no right to complain of errors growing out of the trial of an immaterial issue produced by himself. .
After a verdict was found against Stewart, he moved the court- for a new trial, but his motion was *116 overruled, and it remains to. decide, whether in refusing a new trial the court erred. Wo have no-doubt tiie verdict of the j.ury is warranted by the evidence introduced on the trial. The evidence is. of a character calculated to prove the cause of action set out in the declaration, and goes to fix upon Stewart, &c. a- liability equal to the amount of damages assessed by the jury. But we are of opinion, that a new trial ought to have been awarded upon the ground set out in the affidavit of Stewart. By that affidavit it appears, that Stewart not only has a good defence to make to- the action, but moreover by a severe indisposition, lie was prevented from either procuring the attendance of his witnesses to prove his defence, or to attend- himself and obtain a continuance.
Triplett for plaintiffs; Haggm for defendant.
The judgment must, therefore, be reversed with cost, the cause remanded to the court befo-w, and the verdict of the jury set aside,, and a new trial awarded, and further proceedings had, not inconsistent with this opinion.